USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVATORE D'ANGELO,

    *Plaintiff,*

-against-

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., SEQUIUM ASSET SOLUTIONS, LLC,
AND TRANS UNION LLC,

    *Defendants.*

CASE No.: 21-cv-02833-MKV

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

    IT IS HEREBY STIPULATED by and between Plaintiff and all Defendants, through their respective attorneys of record, as follows:

    WHEREAS, documents and information have been and/or may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, confidential commercial information, confidential employee information, confidential technology, and proprietary information belonging to the Defendants, and/or confidential personal information belonging to Plaintiff.

    THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

    1.    The following provisions shall govern the exchange of confidential information in this matter.

    2.    Counsel for any Party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL" (collectively, confidential information and documents are "Confidential Information"). To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (*e.g.*

native Excel or database exports), the producing Party shall add the abbreviation "CONF." to the file name of such documents.

3. Unless ordered by the court or otherwise provided for herein, Confidential Information disclosed will be held and used by the Party receiving such information solely for use in connection with the above-captioned action.

4. Burden on Designating Party: Except for documents and information concerning consumers other than Plaintiff (which shall be treated as Confidential Information pursuant to paragraph 3, above), this Order shall be without prejudice to the right of any Party to bring before this Court at any time the question of whether any particular information is properly designated "CONFIDENTIAL." The burden of proving that information is properly designated pursuant to this Order, except with respect to documents and information concerning consumers other than Plaintiff, shall be on the Designating Party.

5. In the event that one Party challenges another Party's designation of documents or information as CONFIDENTIAL, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

6. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. A Party and that Party's counsel of record and any co-counsel, including in-house counsel.

    b. Employees of such counsel assigned to and necessary to assist in the litigation.

    c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

    d. Subject to the condition set forth in Paragraph 11 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel.

    e. Subject to the condition set forth in Paragraph 11 below: any person from

whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information.

7. Highly Confidential – Attorney's Eyes Only:

    a. If a Party or non-party producing documents in this action believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the producing Party if particular documents it designates as "Confidential" are disclosed, the producing Party may designate those particular documents as "Confidential – Attorney's Eyes Only." Information and documents so designated are to be stamped "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The "Confidential – Attorneys' Eyes Only" designation shall be reserved for such information that, in the good faith judgment of the Party making the designation, would be highly detrimental if disclosed to a business competitor.

    b. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential – Attorneys' Eyes Only" or pursuant to a court order, any document, transcript, or pleading given "Confidential – Attorneys' Eyes Only" treatment hereunder, and any information contained in or derived from any such materials (including, but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential – Attorneys' Eyes Only" hereunder) may not be disclosed to any person other than: (a) a Party's outside counsel of record in this action and co-counsel of record, if any, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) subject to the condition set forth in Paragraph 11, below, experts specifically consulted in their capacity as consultants or expert witnesses in connection with this litigation, (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) the

author of the document or the original source of the information (including current or former employees and agents of the author of documents, to the extent reasonably necessary for prosecution or defense of the claims); and (f) subject to the condition set forth in Paragraph 11 of the Order: any fact witnesses, other than any current or former employees, agents or affiliates of any credit clinic or credit repair organization, properly identified in Plaintiff's initial disclosures and as further limited by Paragraph 8c, below.

    c. Prior to Plaintiff disclosing or displaying materials designated "Confidential – Attorney's Eyes Only" to any fact witness not identified in Plaintiff's initial disclosures, Plaintiff's counsel shall: (a) notify the designating individual or entity of the identity of such witnesses and (b) provide such individual or entity with fourteen (14) days to object prior to any such disclosure.

    d. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential – Attorney's Eyes Only," or pursuant to prior order after notice, no materials designated "Confidential – Attorney's Eyes Only" shall be disclosed to any current or former employees, agents or affiliates of any credit clinic or credit repair organization.

    e. Unless otherwise specified herein, all provisions of this Order discussing or referencing "Confidential Information" shall apply equally to materials designated "Confidential – Attorney's Eyes Only."

8. Use of Confidential Materials at Trial: Nothing in this Order shall prevent a Party from using at trial any information or materials designated "Confidential" or "Confidential – Attorney's Eyes Only."

9. Prior to disclosing or displaying Confidential Information, or information designated "Confidential – Attorney's Eyes Only" to any person, counsel shall:

    a. inform the person of the confidential nature of the information or documents;

    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

10. The Confidential Information, or information designated Confidential – Attorneys' Eyes Only, may be displayed to and discussed with the persons identified in Paragraphs 7(d), 7(e), and 8b(b) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

11. Confidentiality Designation Does Not Constitute Evidence: This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential – Attorney's Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorney's Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information or

Confidential – Attorney's Eyes Only provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Confidential – Attorney's Eyes Only subject to all of the terms of the Stipulation and Order.

13. Clawback for Privileged Information: If a Party's production of documents inadvertently includes privileged documents or documents containing privileged information, such Party's inadvertent production of any such documents will not constitute a waiver of privilege. Upon being advised by the producing Party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged or to contain privileged information, the receiving Party shall promptly take reasonable steps to locate and return or destroy all copies of any such document (with the producing Party bearing the reasonable costs of such

locating and return or destruction, including any reasonable database modification costs) and any such document shall not thereafter, in any event, be used for any purpose, unless adjudicated not to be privileged. Nothing in this Paragraph shall alter any attorney's responsibilities under applicable laws or codes of ethics when confronted with inadvertently produced privileged information or documents.

14. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information or information designated Confidential – Attorney's Eyes Only, shall be filed under seal to the extent permitted by law (including, without limitation, any applicable rules of the Court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the Parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing Party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

15. At the conclusion of the litigation, the Confidential Information or information designated Confidential – Attorney's Eyes Only and any copies thereof shall be promptly, (and in no event no later than sixty (60) days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified in writing as destroyed, except that the Parties' respective counsel shall be permitted to retain their working files on the condition that such files will remain confidential and may not be utilized for any purpose other than this case

16. Executed Certifications of Confidentiality: at the conclusion of the litigation, each Party, upon request, shall provide to all other Parties all signed certificates executed in the form set forth in Exhibit A to the Order.

17. The foregoing is without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to Confidential Information or information designated Confidential – Attorney's Eyes Only; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by any Party, and the Parties agree that any violation of this Order may result in the imposition of sanctions by the Court.

**Absent further order of the Court, the Court does not retain jurisdiction over this agreement after the conclusion of this case.**

Dated: June 21, 2021

/s/ Brett D. Sherman
Brett D. Sherman
Sherman & Ticchio PLLC
60 East 42nd St, Suite 4600
New York, NY 10165
212-324-3874
brett@st-legal.com
Counsel for Plaintiff

/s/ William M. Huse
William M. Huse, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
whuse@schuckitlaw.com
(317) 363-2400
*Counsel for Trans Union LLC*

/s/ Neil C. Scott
Neil C. Scott, Esq.
JONES DAY
250 Vesey Street
New York, New York 10281
nscott@jonesday.com
(212) 326-3693
*Counsel for Experian Information Solutions, Inc.*

/s/ Mary E. Adams
Mary E. Adams, Esq.
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
madams@seyfarth.com
(212) 218-5500
*Counsel for Equifax Information Services LLC*

/s/ Brendan H. Little
Brendan H. Little
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
blittle@lippes.com
716-853-5100
*Counsel for Sequium Asset Solutions, LLC*

**SO ORDERED.**

Date: 6/23/2021
New York, New York

Mary Kay Vyskocil
Mary Kay Vyskocil
United States District Judge

# EXHIBIT A DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 20__ at _____.

_____
QUALIFIED PERSON