USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2021

September 14, 2021

Hon. Mary Kay Vyskocil, U.S.D.J.
U.S. District Court
Southern District of New York

**Re: Letter Motion requesting a conference concerning Plaintiff's contemplated motion to compel discovery and extend the fact discovery deadline**

Dear Judge Vyskocil:

Plaintiff and Sequium submit the following joint letter motion to respectfully request a conference with the Court to address (1) outstanding discovery disputes, and (2) Plaintiff's request for an appropriate, brief extension of the fact discovery deadline.

**Plaintiff's Position**

The fact discovery deadline in this case is October 19, 2021. Because of continuing delays, Plaintiff respectfully states that there are compelling reasons for an extension of the fact discovery deadline to December 7, 2021 and asks the Court to approve that extension. This is the first request to extend the fact discovery deadline. Sequium consents to this request.

Plaintiff served Requests for Admission, Requests for Production, and Interrogatories ("Discovery Demands") on Sequium on June 15, 2021. Plaintiff received Sequium's responses to the Discovery Demands on July 28, 2021. The responses were deficient.

After Sequium served deficient responses to Discovery Demands on July 28, Plaintiff immediately requested a meet and confer conference with Sequium. Sequium did not respond. Plaintiff followed up on July 30. On the same day, Sequium responded by asking that, prior to a meet and confer, each issue be put in writing. Because there were vast problems with Sequium's responses and its disclosures, it was impractical for Plaintiff to compile a comprehensive written list of every deficiency, and so Plaintiff again asked Sequium to meet and confer as required by the federal rules and local rules of this Court. Sequium ignored Plaintiff's response and Plaintiff was compelled to follow up yet again on August 6. Again, Sequium did not respond. As such, Plaintiff followed up again about the need for a meet and confer conference on August 9. At that time, Sequium represented a willingness to engage in settlement negotiations, and so the meet and confer issue was temporarily tabled. Settlement negotiations quickly broke down, however. After substantial additional back and forth, a meet and confer was scheduled for August 25.

The August 25 meet and confer conference proved to be a waste of time. Counsel for Sequium represented that he could not state Sequium's position on any of Plaintiff's issues beyond bare assertions that he would, at some point, let Plaintiff know what documents Sequium was withholding. Sequium ultimately served revised responses to Plaintiff's Discovery Demands on September 3 (approximately five weeks after serving its initial deficient responses). While the September 3 responses are improvements on the original responses, important discovery disputes remain.

Appropriate responses to Plaintiff's discovery demands are long overdue. Sequium has provided several versions of sham objections and refuses to produce highly relevant documents. With the fact discovery deadline weeks away, Plaintiff lacks the documents needed to conduct depositions and prosecute his case

(nor does Plaintiff even know with certainty which fact witnesses to depose due to Sequium's deficient interrogatory responses).

The nature of remaining discovery disputes are as follows:

- (1) Sequium is withholding policies, procedures, and training materials concerning its processing of disputes under FCRA 1681s-2b. These documents would serve as a roadmap to identify whether Sequium followed its own procedures when investigating Plaintiff's disputes.
- (2) Sequium has not produced original ACDV forms. The ACDV forms would show the results of Sequium's investigations. However, Sequium has only sent an Excel spreadsheet with ACDV data. Plaintiff cannot know if this was accurately recorded. If Sequium maintains that it does not preserve its ACDVs, it should be compelled to produce its record retention policies so that Plaintiff can investigate potential spoliation issues.
- (3) Sequium has not represented whether it is withholding correspondence it had with third parties about Plaintiff or the disputed account. It has made a representation subject to objections, but this is of no value to Plaintiff if Sequium is going to maintain those objections without informing Plaintiff whether documents were withheld.
- (4) Sequium has produced the names of potential witnesses "subject to" objections in the Interrogatory responses. As such, Plaintiff cannot confirm if he has the complete list of all individuals identified in the Interrogatories. This makes comprehensive depositions impossible.
- (5) Sequium has affirmatively stated that it is withholding communications (including recordings of phone calls) with Plaintiff. It is therefore unclear what information Sequium had at its disposal when it investigated Plaintiff's disputes.
- (6) Sequium continues to shield admissions to Requests for Admission behind sham objections. Plaintiff cannot use those admissions that are "subject to" objections as definitive facts in depositions, summary judgement motions, etc. Sequium's responses to many Requests for Admission are inappropriate. Therefore, in effect, Sequium is robbing Plaintiff of a powerful discovery tool. Sequium shielded its admissions behind baseless objections to the following requests:
    - You did not request documents or information from any Consumer Reporting Agency as part of an investigation of any dispute by Plaintiff during the Relevant Time Period.
    - Other than Consumer Reporting Agencies, You did not request documents or information from a Third Party as part of an investigation of any dispute by Plaintiff during the Relevant Time Period.

In sum, Plaintiff has made every effort to resolve discovery disputes without seeking judicial intervention. However, Sequium's unresponsiveness, its deficient discovery responses, and insufficient disclosures have made this letter motion necessary. The delays in reaching a resolution of these matters, caused by Sequium, have prejudiced Plaintiff because Plaintiff lacks the documents and information that are critical to his ability to prosecute his case. As such, in addition to ordering Sequium to promptly comply with its discovery obligations, Plaintiff respectfully asks the Court for an extension of the fact discovery deadline until December 7 so that Sequium will not benefit from its delays.

**Sequium's Position**

At the outset, on September 13, 2021, Sequium served second supplemental responses to Plaintiff's Requests for Production, Requests for Admission and Interrogatories, which should resolve all open issues raised by Plaintiff. On September 14, 2021, Plaintiff has confirmed receipt of the second supplemental responses, but contends that Plaintiff has not had a chance to review the responses. Despite this fact,

Plaintiff advises that he wants to move forward with this letter. It is Sequium's position that there are no outstanding discovery deficiencies and if there are, pursuant to Fed. R. Civ. P. 37, the parties must again meet and confer before seeking judicial intervention.

While Defendant disagrees with Plaintiff's characterization of Sequium's purported conduct and will not respond to each assertion made by Plaintiff, Sequium does note that it did request Plaintiff to put Plaintiff's discovery concerns in writing so defense counsel could discuss the open issues with Sequium before conferring with Plaintiff, which would make the meet and confer more productive. Plaintiff refused to do so.

Sequium does consent to Plaintiff's request to extend the discovery deadline to December 7, 2021. Defendant consents to the extension because the parties did agree to mediate this mater on September 16, 2021. However, approximately one week ago, the mediator informed the parties that he was double booked and needed to cancel the September 16, 2021 mediation. The parties are currently discussing new mediation dates starting the week of October 11, 2021. Given that this matter concerns a fee shifting statute, the parties have conferred and believe that would be prudent to mediate this case before taking the approximately 10 depositions that are anticipated in this case. An extension of the discovery deadline will permit the parties to mediate the matter before conducting the depositions, but also permits the depositions to occur if the case does not settle at mediation.

/s/ Brett D. Sherman
Brett D. Sherman
**Sherman & Ticchio PLLC**
brett@st-legal.com
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.324.3874

/s/ Brendan H. Little
Brendan H. Little
**Lippes Mathias Wexler Friedman LLP**
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
716-853-5100
blittle@lippes.com
*Counsel for Sequium Asset Solutions, LLC*

---

**DENIED. The Court is advised that all requested materials have now been produced, and as such, the request for a conference and for an extension is denied. If Plaintiff is not satisfied with the disclosures he has recently received, he may re-file the request for a conference. SO ORDERED.**

Date: 9/14/2021
New York, New York

Mary Kay Vyskocil
United States District Judge